

JUDGE FEINERMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS MAGISTRATE JUDGE ROWLAND
EASTERN DIVISION

# 15CR 365

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Violations: Title 18, United States Code, |
| v. | ) | Sections 1341 and 1343 |
| | ) | |
| DELORES J. MOSIER | ) | |

## ✓ FILED

JUN 1 8 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL FEBRUARY 2014 GRAND JURY charges:

1.     At times material to this Indictment:

    a.     Defendant DELORES J. MOSIER was a licensed financial broker and investor.  MOSIER operated under a variety of business names, including "D.J. Mosier & Associates, Inc.", and "D.J. Mosier Financial Services, Inc." Defendant had offices in the Northern District of Illinois.

2.     Beginning no later than in or about March 2007, and continuing until at least in or about April 2015, at Harwood Heights and elsewhere, in the Northern District of Illinois, and elsewhere,

DELORES J. MOSIER,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and obtain money from Victims A and B, and other victims ("the victims"), by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts, which scheme is described below.

1

3.     It was part of the scheme that defendant falsely represented to the victims that the City of Chicago issued a short term, one-year debt security called a "Chicago Anticipatory Note" or "CAN" and told the victims to purchase those notes, knowing they did not exist.

4.     It was further part of the scheme that, to induce the victims to purchase the fictitious notes, defendant falsely represented to the victims that, among other things, the fictitious notes were earning especially high annual interest rates of 7% and above.

5.     It was further part of the scheme that defendant opened a business bank account at Centier Bank that contained "CAN" as part of the business title of the account for the purpose of depositing checks from victims seeking to purchase the fictitious notes.

6.     It was further part of the scheme that defendant directed the victims to purchase these fictitious notes by making checks payable to "Chicago Anticipatory Note" or "CAN" knowing she then could deposit those checks into the Centier Bank account.

7.     It was further part of the scheme that defendant deposited the victims' checks into the account at Centier Bank and thereafter used most of the money for her personal benefit, which included making payments on a mortgage loan for her property located on North U.S. Highway 35 La Porte, Indiana 46350.

8.     It was further part of the scheme that defendant advised the ictims to reinvest the purported interest they were supposedly earning on the fictitious notes, and to roll over the fictitious notes' principal into another note at the end of each note's one-year term.

2

9.     It was further part of the scheme that, when victims chose to receive their interest or requested return of their principal, defendant paid the victims using money defendant had collected from other victims for purchase of the fictitious notes.

10.     It was further part of the scheme that, to convince the victims that the fictitious notes were legitimate, defendant provided the victims with various documents that purportedly related to the victims' investments in the notes. Those documents included, but were not limited to, the following: (1) fictitious disclosure statements, which set forth the notes' purported initial principal investment amount, annual interest rate, term, and other specifications of the purported notes; (2) fictitious quarterly interest statements, which set forth the purported interest earned and purported interest and principal reinvested for the applicable quarter; and (3) fictitious balance statements, which purported to reflect the victims' current principal and interest balances in their notes.

11.     It was further part of the scheme that defendant collected approximately $4.3 million from at least nine victims, for the purchase of these fictitious notes.

12.     It was further part of the scheme that defendant concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

13.     On or about May 16, 2011, at Harwood Heights, in the Northern District of Illinois, and elsewhere,

## DELORES J. MOSIER,

defendant herein, for the purpose of executing the scheme, knowingly caused to be delivered by United States mail according to the direction thereon, an envelope addressed to Victim A, at a residence on North Harlem Avenue, Harwood Heights, Illinois, containing a fictitious quarterly interest statement;

In     violation     of     Title     18,     United     States     Code,     Section     1341.

## COUNT TWO

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.      Paragraphs 1 through 12 of Count One are incorporated here.

2.      On or about August 15, 2011, at Harwood Heights, in the Northern District of Illinois, and elsewhere,

DELORES J. MOSIER,

defendant herein, for the purpose of executing the scheme, knowingly caused to be delivered by United States mail according to the direction thereon, an envelope addressed to Victim A, at a residence on North Harlem Avenue, Harwood Heights, Illinois, containing a fictitious quarterly interest statement;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.      Paragraphs 1 through 12 of Count One are incorporated here.

2.      On or about November 29, 2011, at Harwood Heights, in the Northern District of Illinois, and elsewhere,

### DELORES J. MOSIER,

defendant herein, for the purpose of executing the scheme, knowingly caused to be delivered by United States mail according to the direction thereon, an envelope addressed to Victim A, at a residence on North Harlem Avenue, Harwood Heights, Illinois, containing a fictitious quarterly interest statement;

In violation of Title 18, United States Code, Section 1341.

6

## COUNT FOUR

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     Paragraphs 1 through 12 of Count One are incorporated here.

2.     On or about April 13, 2015, at Harwood Heights, in the Northern District of Illinois, and elsewhere,

### DELORES J. MOSIER,

defendant herein, for the purpose of executing the scheme, knowingly caused to be delivered by United States mail according to the direction thereon, an envelope addressed to Victim A, at a residence on North Harlem Avenue, Harwood Heights, Illinois, containing a fictitious balance statement;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.    Paragraphs 1 through 12 of Count One are incorporated here.

2.    On or about April 2, 2013, in the Northern District of Illinois and elsewhere,

DELORES J. MOSIER,

defendant herein, for the purpose of executing the scheme, did knowingly cause to be transmitted by means of wire communications, certain writings, signs, and signals, namely, an interstate wire transfer of a purported interest payment of approximately $9,562.50, from defendant MOSIER's account at Centier Bank, through the Fedwire system, to Victim B's account at Horizon Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.    Paragraphs 1 through 12 of Count One are incorporated here.

2.    On or about June 20, 2013, in the Northern District of Illinois and elsewhere,

### DELORES J. MOSIER,

defendant herein, for the purpose of executing the scheme, did knowingly cause to be transmitted by means of wire communications, certain writings, signs, and signals, namely, an interstate wire transfer of a purported interest payment of approximately $9,562.50, from defendant MOSIER's account at Centier Bank, through the Fedwire system, to Victim B's account at Horizon Bank;

In violation of Title 18, United States Code, Section 1343.

9

## Forfeiture Allegation

The SPECIAL FEBRUARY 2014 GRAND JURY further alleges:

1.      Upon conviction of offenses in violation of Title 18, United States Code, Sections 1341 and 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      The property to be forfeited includes, but is not limited to:

   a.      a personal money judgment in the amount of approximately $4,300,000; and

   b.      the following specific property:

      i.      the real property commonly known as 3003 North U.S. Highway 35, La Porte, Indiana 46350; and

      ii.      the real property commonly known as 3003 North U.S. Highway 35, Parcel –B, AS 112 +/- ACRES OF VACANT LAND, La Porte, Indiana 46350.

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY